PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JOHN ALBINO SERRANO,       )
       )    CASE NO.  4:18CV0564
       Plaintiff,       )
       )
       v.       )    JUDGE BENITA Y. PEARSON
       )
KENNETH KOUNTZ, *etc.*, *et al.*,       )
       )    **MEMORANDUM OF OPINION**
       Defendants.       )    **AND ORDER**

*Pro Se* Plaintiff John Albino Serrano filed this action under 42 U.S.C. § 1983 against

Mahoning County Justice Center Warden Kenneth Kountz; Deputies Milano, Bruno, and Huff;

and Sergeant Starr.  In his Complaint (ECF No. 1), Plaintiff objects to numerous conditions in

the jail.  He seeks monetary damages.

### I.  Background

Plaintiff alleges the jail is not being operated in accordance with its own rules and

policies.  He contends there is no real grievance procedure and no grievance appeals process.

PLaintiff states that if inmates complain, staff members retaliate against them.  He alleges there

is no GED testing and no classes or teachers for Hispanic inmates who do not speak or write

English.  Plaintiff alleges the staff mishandle legal mail by returning it to the sender, opening it

or losing it.  He contends the shower in the unit is dirty because the Warden will not permit them

to power wash it.  Plaintiff states he must clean it by hand without the proper cleaning chemicals.

He states the inmate cleaners in the D/E pod are given additional food trays for cleaning while he

and other inmates are not similarly compensated for their work. Plaintiff states inmates are not permitted to pay court costs from their commissary accounts. He indicates Deputies Milano, Bruno, and Huff called him a baby killer, told him he deserved to die, and intimidated him or had other inmates intimidate him. Plaintiff contends he had surgery to remove a knot from his head and is now on mental health medication.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  Law and Analysis

Having reviewed Plaintiff's filings, the Court finds Plaintiff's allegations to be insufficient to state a claim. As an initial matter, Plaintiff does very little to connect the named Defendants to the alleged wrongful conduct. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Plaintiff alleges that Warden Kountz is responsible for the overall operations of the jail, but merely having supervisory authority over the institution is not sufficient to establish liability. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff must allege Warden Kountz actively encouraged the specific incident of misconduct or in some other way directly participated in it. He does not do so.

The only allegation Plaintiff specifically states in the Complaint (ECF No. 1) is directed against Deputies Milano, Bruno, and Huff. Plaintiff contends they called him a baby killer, indicated he deserved to die, and threatened him with bodily harm. ECF No. 1 at PageID # 5-6. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by convicted prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the

"unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element by showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations do not meet the objective criteria. Verbal abuse or harassment do not state an Eighth Amendment claim. *See Ivey*, 832 F.2d at 955; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff does not allege sufficient facts to suggest Defendants' actions rose to the level of a constitutional violation.

Finally, even if Plaintiff had directed his other claims at a specific Defendant, he fails to state a claim upon which relief may be granted. He claims the shower is dirty and he has to clean

it by hand because the warden will not authorize power washing. This claim also does not meet

the objective criteria. The Eighth Amendment requires prison officials to provide inmates with

adequate food, clothing, shelter, and medical care, and to take reasonable measures to guarantee

their safety. *Ivey*, 832 F.2d at 832. This, however, does not mandate that a prisoner be free from

discomfort or inconvenience during his incarceration. Plaintiff's allegations pertaining to the

method by which the shower is washed does not violate the Eighth Amendment.

Plaintiff also alleges that the jail has no grievance process, no GED testing and no classes

for Hispanic students. First, Plaintiff does not allege he has a personal connection to any of these

claims. Claims asserted in a § 1983 action are personal to the injured party. *Shepherd v.

Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Plaintiff cannot assert claims for general conditions

if he has not personally been affected by them. Second, even if he had a personal connection to

them, he does not have a constitutional right to any of these things. *See Walker v. Michigan

Dept. of Corrections*, No. 04-1347, 2005 WL 742743, at *3 (6th Cir. April 1, 2005) (no right to a

grievance procedure); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no right to

educational, vocational, or rehabilitation programs in prison).

While Plaintiff does have a constitutional right to receive legal mail and to be free from

retaliation, he does not include sufficient facts in his Complaint (ECF No. 1) to state a claim for

relief. His claim pertaining to legal mail states, without explanation that legal mail is returned,

opened, or lost. ECF No. 1 at PageID #: 6. Plaintiff does not explain this allegation nor does he

indicate that any of the named Defendants had a role in the incident or incidents in question. His

retaliation claim is similar. Plaintiff does not allege facts suggesting that he was the victim of

(4:18CV0564)

retaliation, what actions were taken that he believes to have been retaliatory, and which of the

defendants, if any, took these actions. These allegations also fail to state a claim upon which

relief may be granted.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.


IT IS SO ORDERED.


  August 30, 2018                             /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge